UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DOUGLAS MAUSELLE,

    Plaintiff,

    v.

ROGERS MARINE, LLC, dba Rodgers Marine Electronics; RODGERS W. JENKINS; TIMOTHY L. JENKINS; and WILLIAM C. LEPTICH,

    Defendants.

Case No. 05-5464

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on Defendants' Fed. R. Civ. P. 12(b) Motion to Dismiss Plaintiff's complaint based on (1) lack of personal jurisdiction and (2) the pendency of another action involving the same facts and controversy. After reviewing all materials submitted by the parties and relied upon for authority, the Court is fully informed and hereby grants Defendants' motion and dismisses Plaintiff's case for the reasons described below.

**INTRODUCTION AND BACKGROUND**

This action concerns the thwarted purchase of a floating home. As alleged in the complaint, in June and July of 2004, the Defendants advertised a floating home for sale in the publication known

ORDER - 1

as the "Freshwater News," a monthly boating news publication. The Plaintiff asserts that to induce him to purchase the floating home, the Defendants disseminated a classified ad in this Portland, Oregon newsletter that provided information about the condition and price of the floating home and in particular provided: "House must be moved to new location". The floating home was moored in the marina of Defendant, Rodgers Marine LLC., located in Portland, Oregon. The individual Defendants are either officers or members of Rogers Marine, and all reside in Oregon. On July 25, 2002, the Defendants and Plaintiff entered into a contract for sale of the floating home. The contract stated that the floating home must be removed from the marina within 30 days. Apparently due to the limited width of the opening of the pathway of access, the floating home was unable to be transported from the marina.

The Plaintiff commenced suit against Defendants asserting six claims for relief: (1) breach of implied warranty of merchantability, (2) fraud, (3) use of unlawfully simulated invoices, (Oregon Revised Statutes § 646.291, et seq.), (4) violation of Oregon landlord-tenant laws (Oregon Revised Statutes § 60.510), (5) fraudulent use of the United States mail, and (6) unjust enrichment.

The Defendants respond, moving for dismissal of the complaint based upon lack of personal jurisdiction and the pendency of another action involving the same facts and controversy.

Briefly, the procedural history of prior and pending actions is as follows:

In August 2003, Plaintiff initially filed an action against Defendants in Multnomah County Circuit Court in the state of Oregon. The complaint in the state action contained factual allegations, theories of recovery and purported damages that are substantially similar to those contained in the present complaint. In October 2003, the Plaintiff filed a notice of removal to the United States District Court for the District of Oregon. In November 2003, the Defendants filed a motion to remand based on the fact that only a defendant to an action may remove from state court to federal court. In February 2004, Plaintiff moved for and was granted a voluntary dismissal of the federal action. Plaintiff then filed an original action in the Federal District Court for the District of Oregon.

ORDER - 2

The complaint in U.S. District Court of Oregon is identical in substance to the present complaint. In October 2004, Oregon action was dismissed for failure of Plaintiff to provide timely proof of service. During the pendency of these proceedings and at the time of the purchase agreement, Plaintiff was a resident of the state of Oregon. In November 2004, the Plaintiff moved to Washington and is presently residing in Vancouver, Washington. Plaintiff subsequently filed the present complaint.

## PERSONAL JURISDICTION

Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). Plaintiff cannot simply rest on the bare allegations of its complaint, but rather is obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction. Amba Marketing Systems, Inc. v. Jobar International, Inc., 551 F.2d 784, 787 (9th Cir.1977). Where, as here, the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts. Schwarzenegger, at 800. Uncontroverted factual allegations must be taken as true. Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor. Id. A prima facie showing means that the plaintiff has produced admissible evidence, which if believed, is sufficient to establish the existence of personal jurisdiction. Wenz v. Memery Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995).

Where no applicable federal statute addresses the issue, a court's personal jurisdiction analysis begins with the "long-arm" statute of the state in which the court sits. Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1123 (9th Cir.2002). Washington's long-arm statute provides a person submits themselves to jurisdiction in Washington as a result of (a) the transaction of any business within the state or, (b) the commission of a tortious act within the state. RCW 4.28.185(1)(a) & (b); Shaffer v. McFadden, 125 Wn.App. 364, 370, 104 P.3d 742, 745 (2005). Washington's long-arm statute extends the court's personal jurisdiction to the broadest reach

ORDER - 3

that the United States Constitution permits.  <u>Byron Nelson Co. v. Orchard Management Corp</u>. 95 Wn.App. 462, 465, 975 P.2d 555 (1999).  Because Washington's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analysis under state law and federal due process are the same.  See, <u>Schwarzenegger</u>, at 800-01.  A court can exercise its power over a non-resident defendant (absent the defendant's consent) only if it has specific or general jurisdiction.  <u>Bancroft & Masters, Inc. v. Augusta Nat'l, Inc</u>., 223 F.3d 1082, 1086 (9th Cir.2000).

**A.  General Jurisdiction**

A defendant is subject to general jurisdiction only where the defendant's contacts with a forum are "substantial" or "continuous and systematic." <u>Bancroft & Masters, Inc. v. Augusta Nat'l, Inc</u>., 223 F.3d 1082, 1086 (9th Cir.2000).  The threshold for satisfying the requirements for general jurisdiction is substantially greater than that for specific jurisdiction.  The contacts with the forum state must be of a sort that "approximate physical presence." <u>Id</u>., at 1086.  "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." <u>Id</u>.  In applying the "substantial" or "continuous and systematic" contacts test, the focus is primarily on two areas. First, there must be some kind of deliberate "presence" in the forum state, including physical facilities, bank accounts, agents, registration, or incorporation.  An additional consideration is whether the defendant has engaged in active solicitation toward and participation in the state's markets, i.e., the economic reality of the defendant's activities in the state. <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 417 (1984); <u>Gates Learjet Corp. v. Jensen</u>, 743 F.2d 1325, 1331 (9th Cir.1984).

It is undisputed that at the time the present lawsuit was filed, the Defendant Rodgers Marine did not have an office, facilities, bank accounts, real estate, telephone numbers or a postal address in Washington.  With respect to the individual Defendants, none of them were residents of Washington during the time of the events in question.  They do not own property in Washington, are not required

ORDER - 4

to pay Washington taxes and do not maintain bank accounts in the state. Plaintiff asserts that in June and July of 2002, Defendants advertised the floating home for sell in the publication known as "Freshwater News" and that this classified ad induced Plaintiff to enter into a contract to purchase the houseboat in July, 2002. Plaintiff, however, does not assert that this Portland, Oregon publication solicited his business while a resident of Washington. Plaintiff admits that he was a resident of the Oregon at the time of these events, having moved to Washington in November, 2004. Nor does Plaintiff set forth any evidence that the publication is distributed in Washington or directed at soliciting business from Washington residents. That these classified ads might have reached Washington residents does not amount to "substantial" or "continuous and systematic" contact with the state of Washington. The Court lacks general jurisdiction over these defendants.

**B. Specific Jurisdiction**

Specific jurisdiction applies if (1) the defendant has performed some act or consummated some transaction within the forum state or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. Easter v. American West Financial, 381 F.3d 948, 960-61 (9th Cir. 2004). The Ninth Circuit employs two tests to determine whether a party's acts satisfy the purposeful availment requirement. The courts typically apply the first of these test, often referred to as the "effects test" when the defendant's acts are tortious in nature. See, Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1321 (9th Cir.1998); Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1486 (9th Cir.1993). The second test requires the court to consider the nature and quality of commercial activity that the defendant deliberately conducts in the forum state. Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 419-20 (9th Cir.1997).

In order to establish purposeful availment under the "effects test" the plaintiff must demonstrate the existence of (1) intentional actions (2) expressly aimed at the forum state (3) causing harm, the brunt of which is suffered, and which the defendant knows is likely to be suffered,

ORDER - 5

in the forum state. Panavision, at 1322; Core-Vent Corp., at 1486. A showing that a defendant purposefully directed his conduct toward a forum state usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere. Schwarzenegger, 374 F.3d at 803.

Here it can be argued that Defendant's intentional action was placing the advertisement in the "Freshwater News." There is, however, no evidence that the solicitation was aimed at the forum state or that Defendants' knew that the harm was likely to be suffered in Washington. The solicitation does not constitute purposeful availment under the "effects test."

Application of the "deliberate transaction" test requires an examination of the facts to determine if the defendant has taken deliberate action within the forum state or created continuing obligations to forum residents. Cybersell, at 417. This test is most often used in suits sounding in contract. A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there. By taking such actions, a defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. In return for these benefits and protections, a defendant must, as a quid pro quo, submit to the burdens of litigation in that forum. Schwarzenegger, at 802.

The Defendants have done nothing to purposefully avail themselves of the benefits of Washington. Plaintiff has not alleged that the Defendants purposefully directed their activities or consummated a transaction with Washington residents, thereby availing themselves of the privilege of conducting activities in Washington and invoking the benefits and protections of Washington's laws. Defendants simply placed an advertisement in an Oregon publication that may have been read by residents of Washington. Defendants did nothing to encourage residents of Washington to access the solicitation, and there is no evidence that any part of its business was sought or achieved in Washington. Unilateral activity by a plaintiff claiming a relationship with a nonresident defendant

ORDER - 6

cannot satisfy the requirement of contact with the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Placing this advertisement in an Oregon publication, without more, is not an act of availing themselves of the privilege of doing business in the forum state.

The second prong of the specific jurisdiction test is satisfied if plaintiff can establish that his cause of action would not have arisen "but for" the Defendants' contacts with Washington. Plaintiff has made no argument that his reading the advertisement in Washington induced the Plaintiff to enter into the purchase contract. Accordingly, along with the finding that such contacts were insufficient to constitute purposeful availment, the plaintiff also fails to make a prima facie showing that "but for" the Defendants' contacts with Washington, the Plaintiff's injury would not have occurred.

The third and final prong of the specific jurisdiction test is whether exercising personal jurisdiction over the nonresident defendant is reasonable, as an unreasonable exercise of personal jurisdiction would violate due process. Ziegler v. Indian River County, 64 F.3d 470, 474-75 (9th Cir.1995). The Ninth Circuit considers seven factors to determine whether the exercise of specific jurisdiction is reasonable: (1) the extent of the defendant's purposeful contacts with the state; (2) the burden on the defendant of litigating in the forum state; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. Ziegler, at 475.

These factors weigh against the exercise of specific jurisdiction. The Defendants' contact, if any, with the forum state was extremely limited. The Defendants all reside in the Portland, Oregon area, as does Plaintiff; he resides across the Columbia River in Vancouver, Washington. The transaction took place in Oregon, the property is located in Oregon and Plaintiff has plead Oregon statutory as well as Oregon common law claims. Adequate recourse exists in the courts of Oregon where Plaintiff has already instigated litigation involving these same Defendants and this controversy.

ORDER - 7

While not all seven factors may favor the Defendants, the majority do. Specifically, the extent of the Defendants' purposeful interjection into Washington, the burden on the Defendants of litigating in Washington, the efficiency of litigating in Washington, the Plaintiffs' interest in convenient and effective relief, and the existence of an alternative forum all weigh against this Court's exercise of jurisdiction over the Defendants. Only Washington's interest in adjudicating the dispute with its current citizen weighs in favor of the Plaintiff, and that interest is weak, as the Plaintiff resided in Oregon when this controversy arose. Accordingly, the Court finds that it would be unreasonable in light of due process for the Court to exercise personal jurisdiction over the Defendants.

## CONCLUSION

For the reasons set forth above, Plaintiff has failed to state facts that would support the exercise of personal jurisdiction over Defendants. The Defendants are entitled to dismissal of Plaintiff's complaint.

ACCORDINGLY,

IT IS ORDERED:

Defendants' Motion to Dismiss [Dkt. #14] is GRANTED, and this case dismissed.

DATED this 14TH day of February, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 8